```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

FORDHAM FINANCIAL SERVICES,   :   NO. 1:06-CV-00513
INC.,                         :
                              :
        Plaintiff,            :
                              :
           v.                 :   **OPINION AND ORDER**
                              :
VENTRAMEX S.A. DE C.V.,       :
                              :
                              :
        Defendants.           :


This matter is before the Court on Defendant's Renewed Motion to Dismiss (doc. 26), Plaintiff's Response (doc. 34), and Defendant's Reply (doc. 35).  For the reasons indicated herein, the Court GRANTS Defendant's Motion to Dismiss.

**I.   Background**

Plaintiff Fordham Financial Services, Inc., ("Fordham") an Illinois corporation, alleges it purchased all of the accounts receivable of the Ohio corporation, Moraine Molded Plastics, ("Moraine") on December 4, 2003, pursuant to a factoring agreement (doc. 2).  Plaintiff alleges it notified Defendant Ventramex, a Mexican corporation, of its purchase of all Moraine's accounts receivable, such that Ventramex should pay Fordham for all Moraine invoices (Id.).  Subsequently, Defendant purchased goods from Moraine valued at $127,191.52 (Id.).  Plaintiff alleges Defendant failed to pay for the purchased goods, while Defendant indicates it

paid Moraine directly (doc. 26). In its Complaint, Plaintiff seeks payment in the amount of $127,191.52, interest and costs (doc. 2).

On August 31, 2006, Defendant filed a Motion to Dismiss Plaintiff's Complaint (doc. 7). The Court denied this motion, and directed Plaintiff to seek a waiver of service of process by Defendant (doc. 15). In the instant Renewed Motion to Dismiss, Defendant indicates Plaintiff has made no attempt to seek a waiver of service of process (doc. 26). Defendant argues it has now been placed in the improper position of preparing for a trial for which it has never been served (Id.). Plaintiff filed its Response (doc. 34), and Defendant filed its Reply (doc. 35), such that this matter is ripe for the Court's consideration.

**II. The Parties' Arguments**

Defendant premises its Renewed Motion to Dismiss on Plaintiff's failure to comply with this Court's order directing Plaintiff to request that Defendant waive service of process (doc. 26). In addition to seeking dismissal of the case, Defendant seeks its attorney fees and costs associated with its motion (Id.).

In Plaintiff's Response, it argues that Flex-N-Gate, an Illinois company, and Ventramex are the same entity, and therefore its service on Flex-N-Gate constitutes proper service on Ventramex (doc. 34). Plaintiff further argues that Defendant received and was aware of the factoring agreement entered into by Plaintiff and Moraine, as well as the financing agreement (Id.). Plaintiff

alleges it sent a notice of the assignment of accounts receivable to Defendant instructing that payments should be made directly from Defendant to Plaintiff (Id.). Plaintiff alleges Defendant never paid Plaintiff as directed (Id.)

Next, Plaintiff argues that after receiving notice that the protective order was granted, it initiated service of process under Ohio Civ. R. 4 and the Hague Convention(Id.). Plaintiff argues Defendant suffered no prejudice by the delay of service and Plaintiff reports the status of service of process as pending, to be completed on or before Plaintiff's self-imposed deadline of June 15, 2008 (Id.).

In its Reply, Defendant argues Plaintiff has not properly completed service of process (doc. 35). Defendant argues that Plaintiff's service of process by certified mail is insufficient under the Hague Convention, Mexican law, and the Federal Rules of Civil Procedure (Id.). Defendant states that Fed. R. Civ. P. 4(f) allows service under the Hague Convention, and that such convention does not allow for service of process by mail (Id.).[1]

Defendant further reports that Plaintiff never sent a request for waiver of service of process as directed by this Court, and argues that Ventramex is a corporate entity separate and

---

[1] In support of its position, Defendant cites Bankston v. Toyota Motor Corp., 889 F.2d 172, 174 (8th Cir. 1989), Carroll v. Yucatan Resorts S.A. de C.V., No. E2007-01807-COA-R3-CV, 2008 Tenn. App. LEXIS 292 (Tenn. Ct. App. May 16, 2008), and Muovo Pignone v. Storman Asia M/V, 310 F.3d 374, 384 (5th Cir. 2002).

distinct from Flex-N-Gate (Id.).  As such, Defendant argues that Plaintiff's service on Flex-N-Gate does not establish proper service on Ventramex (Id.).  Additionally, Defendant argues that Mexico has objected to certified mail service as a matter of right under Article 21 of the Hague Convention if it appears enforcement of a judgment in Mexico is likely (Id.).  Consequently, Defendant requests that the Court dismiss the Complaint for failure to properly effectuate service of process (Id.).

**III.  Discussion**

Having reviewed this matter, the Court finds Defendant's request to dismiss this case for failure to properly serve process on Defendant well-taken.  The Court issued an Order directing Plaintiff to seek waiver of service of process by Defendant pursuant to Fed. R. Civ. P. 4(d) (doc. 15).  Plaintiff failed to do so.  Rather, several months later, Plaintiff began initiating service of process under the Hague Convention (doc. 34).  Plaintiff stated that the service of process would be completed on or before June 15, 2008, however, up until this point, Plaintiff's self-imposed deadline has passed, and the record does not reflect that Plaintiff has properly served Ventramex (Id.).  Although Plaintiff frames its argument under the theory that it has adequately served Ventramex by serving Flex-N-Gate, the Court's previous Order unambiguously directed Plaintiff's counsel to seek waiver of service of process from Ventramex.  Plaintiff has had a year to do so, or in the alternative, to seek service through other acceptable

4

means.         Accordingly, pursuant to Fed. R. Civ. P. 12(b)(5) and for the foregoing reasons, the Court GRANTS Defendant's Renewed Motion to Dismiss (doc. 26) WITHOUT PREJUDICE TO REFILING, and AWARDS Defendant all of its attorney fees and costs associated with the filing of its Renewed Motion.

       SO ORDERED.

Date: July 16, 2008        /s/ S. Arthur Spiegel

                              S. Arthur Spiegel
                              United States District Senior Judge